# AFFIDAVIT

STATE OF KANSAS                )
                               ) ss.
COUNTY OF LEAVENWORTH           )

Debra Snider, the affiant, at the first being duly sworn upon oath, deposes and says as follows:

1. My name is Debra Snider.

2. I have read the contents of this Affidavit and the same are true and correct to the best of my knowledge and belief.

3. On or before March 1, 2011, I was retained by the Plaintiff's herein to represent them with respect to the occurrence set forth in the Complaint that initiated this action.

4. On or about May 7, 2011, I prepared and mailed a demand letter addressed to the attention of Dr. Randy Bagby, the Superintendant of Lansing Unified School District 469, and seeking redress for the abuse Tyler Self had received while attending Lansing High School.

5. After review of this matter and discussion with my clients, Jeffery Sutton was hired as co-counsel to represent the Plaintiffs.

6. As counsel for the Plaintiffs, we discussed the requirements for a proof of claim pursuant to K.S.A. 12-105b.

7. On or about February 6th, 2013, co-counsel sent me an e-mail with an attachment of a proposed draft of a proof of claim for the school district. A copy of that email and its attachment is appended as Exhibit A.

8. After consideration of the contents of the proof of claim between counsel and clients, I personally prepared the finalized version of a proof of claim to be mailed to the school district.

9. It is my common practice to prepare items for mail delivery during the course of my workday. I personally prepare the envelopes, seal the items into the envelopes and affix the U.S. Postage. At the end of my work day, I gather all items and drive to the U.S. Post Office located at 4th and Shawnee streets, Leavenworth, Kansas, and deposit the envelopes in the U.S. Postal Service outgoing mail box

10. On February 19th, 2013, I sealed an original copy of the proof of claim into three envelopes, one for each of the addresses. and affixed proper U.S. postage. Then, on my way home from work the evening of February 19th, 2013, I deposited the envelopes in the U.S. Postal Service mail box at 4th and Shawnee streets, Leavenworth, Kansas. A true and correct copy of the proof of claim that was mailed to the school district is attached as Exhibit B.

# SNIDER LAW OFFICE, LLC
## 509 Shawnee Street
## Leavenworth, Kansas 66048

## Debra Snider, Attorney at Law

February 19, 2013

Dr. Randal Bagby
Superintendent of Schools
USD 469 Schools
401 S 2nd Street
Lansing, KS 66043

Dr. Richard Whitlow
President
Board Of Education
USD 469 Schools
401 S 2nd Street
Lansing, KS 66043

Doniaell Brandt
Clerk
Board of Education
USD 469 Schools
401 S 2nd Street
Lansing, KS 66043

**RE: Notice of Claims of Tyler Self.**

Dear Madam Clerk:

The purpose of this letter is to serve as statutory notice under K.S.A. 12-105b(d) to the USD 469 School District, Lansing, Kansas, and its Board of Education members regarding the claims of Tyler Self.

**1.     The Name and Addresses of all Claimants and their Attorneys.**

The name and address of the claimant in this matter is the Tyler Self, by and through Robert and Pamela Self, 509 Shawnee Street, Leavenworth, Kansas 66048. The attorney representing the claimants is Debra Snider, Attorney at Law, 509 Shawnee Street, Leavenworth, Kansas 66048.

2. **The Statement for the Factual Basis of the Claim.**

Tyler Self was a student at Lansing High School during the 2009-2010 school year. Mr. John Pretz was Tyler's teacher for physical science class. Mr. Pretz, during the course of his employment by Lansing High School, during the school day and while performing his job duties in the classroom was often verbally abusive to Tyler Self in front of students, calling him "pizza face" and other degrading epithets, which is not only unprofessional but is also a clear violation of K.S.A. §72-8256(A)(I) and Lansing High School belief statement #14. Students who were present in the class to see and hear the teacher's disrespectful tone, words and attitude included Jeremy Sisco, Cody Groover, Dylan Wiseman, Forrest Reynolds, Jordan Sutton and Jake McCurry.

During Mr. Pretz's class sessions, there were several incidents of violence against Tyler Self perpetrated by students, in part, as a result of the lack of supervision by Mr. Pretz and perpetrated as a result of his disrespect to Tyler. All three of the incidents in question were videotaped by Cody Groover on his cell phone during Mr. Pretz's class. The three videos were later disseminated on You Tube and Facebook, popular social media websites accessible by the general public world-wide, (both acts are clear violations of K.S.A. §72-8256(B)), and the videos were recorded on Mr. Bagby's computer and viewed by Mr. Pretz, Dr. Bagby, and Pastor Self. This further subjected Tyler Self to shame, embarrassment and ridicule by Mr. Pretz and his fellow students and made Tyler feel intimidated, threatened and abused. The video evidence has since been deleted from both You Tube and the Facebook pages of the student(s) involved. Dr. Bagby was aware of the situation and disturbed by the videos and described them as being as violent as a "prison scene." He stated that "viewing them was like someone had kicked him in the stomach, they were so bad."

The various incidents occurred during class sessions and always involved the physical and mental abuse of Tyler Self and frequently involved verbal abuse and ridicule by Mr. Pretz and fellow students, especially Cody Groover and Jeremy Sisco. Two of the videotaped incidents, on or about April, 2010, shows Tyler Self, sitting in class facing forward and paying attention to the lesson. He then saw Dylan Wiseman (who was sitting to his right) videotaping him on Dylan's cell phone. Tyler made a funny face, knowing that he was on camera. Then without Tyler's knowledge, permission or agreement, Cody Groover threw his textbook at Tyler, hitting him in the face. At that point, Dylan Wiseman stopped the film and watched the video on his phone, and then showed it to fellow classmates Cody Groover, Jeremy Sisco, Forrest Reynolds, Jordan Sutton and Jake McCurry. Everyone laughed and Cody told Tyler that he was going to be famous. Cody Groover said that they would have to make more videos, so they kept trying by throwing books while Tyler wasn't looking or Tyler would turn around and see Cody's iPhone pointed at him preparing to videotape more incidents. At this point, Tyler was trying to get away so he wouldn't be abused anymore.

3. **The Name and Addresses of any Public Official or Employee Known to be Involved with the issues from which the Claim Arises.**

Mr. John Pretz, 401 S 2nd Street, Lansing, KS 66043

4. **The Nature and Extent of the Injuries Claimed to have been suffered.**

Claimant has been injured and has sustained emotional damages and been caused to incure expenses for medical care and expects to incure additional medical expenses in the future, all caused by the following claims against the District and/or its employees:

- a. 20 U.S.C. § 1681 ("Title IX");
- b. 42 U.S.C. § 1983 ("Due Process");
- c. Negligent Hiring;
- d. Negligent Training;
- e. Negligent Supervision;
- f. Negligent Retention;
- g. Negligent Infliction of Emotional Distress;
- **h. K.S.A. 75-6107 (Respondeat Superior);**
- **i. K.S.A. 75-6116 (Punitive Damages);**
- **j. K.S.A. 72-89b01 (Duty to Protect); and**
- **k. K.S.A. 72-8256 (Bullying)**

5. **Statement of the Amount of Monetary Damages being Requested.**

| | | |
|---|---|---|
| **a.** | **Lost wages and Expenses:** | **$ 17,000.00** |
| **b.** | **Mental Anguish:** | **$750,000.00** |
| **c.** | **Future Medical Expenses** | **$ 10,000.00** |
| | **i. Total:** | **$777,000.00** |

**Conclusion**

The total amount of this claim is $777,000.00. My clients are agreeable to abrogate a portion of the Estate's claim and will accept $350,000.00 in full satisfaction for its claim. If this abrogated claim is not satisfied or denied within 120 days, as provided in K.S.A. 12-105b(d), a lawsuit will be filed making claim for all claims, both State and Federal, allowed under law and which comply with this Notice of Claim. Be advised that should litigation be necessary in the resolution of this matter, the Claimant reserves the right, and intends, to make claim for an amount in excess of that requested at this time, including claims for attorney fees.

Sincerely,

Debra Snider,
Snider Law Office, LLC

cc: File, Client