IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYLER SELF, ROBERT SELF, and PAMILA SELF,

              Plaintiffs,

v.

LANSING UNIFIED SCHOOL DISTRICT NO. 469 and JOHN PRETZ,

              Defendants.

Case No. 13 CV 2487 KHV DJW

## PLAINTIFF'S MOTION TO FILE RESPONSE TO DEFENDANT LANSING'S MOTION FOR SUMMARY JUDGMENT OUT OF TIME

COMES NOW the Plaintiffs, by and through the undersigned counsel, and hereby moves the court for leave to file their Response to Defendant Lansing's Motion for Summary Judgment out of time.

Procedural Background

1.) Plaintiff's have attached a copy of the proposed Response to the Defendant Lansing's Motion for Summary Judgment as Exhibit A.

2.) The Defendant filed its Motion for Summary Judgment on October 6th, 2014. (Doc 65).

3.) The Plaintiff's answer to this Motion was due on October 27, 2014.

4.) The Plaintiff made an application for an extension of time to respond, which was granted by the Court and extended the date to respond to November 7, 2014. (Doc 68).

5.) The Plaintiff made a second application for an extension of time to respond, which was granted by the Court and extended the date to respond to November 12, 2014. (Doc. 70).

6.) Defendant Lansing's Counsel has been contacted, but has not yet responded to Plaintiffs' request to file their response out of time.

7.) On November 13, 2014, at approximately 12:09 a.m. counsel for the Plaintiff filed their response to the Defendant's Lansing's Motion for Summary Judgment, albeit, out of time.

8.) At approximately 12:15 a.m. counsel for the Plaintiff filed an application to a third extension of time to file the Response to Defendant' Pretz's Motion for Summary Judgment, which was likewise out of time.

9.) Because the Response was filed out of time, Fed. R. Civ. P. 6(b)(1)(B) and D. Kan. Rule 114 require the plaintiffs to show that their failure to act within the specified time was the result of excusable neglect.

10.) Counsel for Plaintiffs diligently pursued completion of the Response by the deadline of November 12, 2014.

11.) In order to meet the deadline, the undersigned enlisted the assistance of co-counsel for the review and response to Defendant's statements of facts.

12.) When the response to Defendant's statements of fact were received from co-counsel on the afternoon of the November 12th, 2014, the statements of facts were received, but were nonetheless in an unformatted run-on paragraph that had to be completely redrafted by the undersigned.

13.) This technical error affected the response to the Statements of fact for the pending Motions for both of the Defendants and made it impossible for completion of the Response prior to the expiration of the deadline for the Response.

14.) On Thursday November 13, 2014, the undersigned had a previously scheduled hearing in the District Court of Leavenworth County, Kansas, that required the undersigned counsel appearance.

15.) On Friday, November 14, 2014, the undersigned had two previously scheduled hearing in the District Court of Leavenworth County, Kansas, and a third in the

District court of Johnson County, Kansas, all that required the undersigned counsel appearance.

16.)    On Monday, November 17, 2014, the undersigned had a previously scheduled deposition he was taking for an action pending in the District Court of Wyandotte County, Kansas.

## MOTION TO FILE RESPONSE TO MOTION FOR SUMMARY JUDGMENT OUT OF TIME.

Plaintiffs are seeking leave to file their response to Defendant Lansing's Motion for Summary Judgment out of time. Rule 6(b)(1)(B), Fed. R. Civ. P. provides in part as follows: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." To determine whether neglect is excusable, the Court considers (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party and (4) the existence of good faith on the part of the moving party. *Hamilton v. Water Whole Int'l. Corp.*, 302 Fed. Appx. 789, 798 (10th Cir. 2008) (citing *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)). The reason for delay is an important, if not the most important, factor in this analysis. Id. (citing *Torres*, 372 F.3d at 1163).

**Prejudice to Defendant**

A matter of minutes passed between November 12, 2014, — the date the response was due — and the time that Plaintiffs filed their motion to file their response out of time. Defendant will not be prejudiced by the delay. They will continue to have the maximum time available to file a reply, should it deem one necessary; allowing the out of time filing will not disrupt the pretrial order, Doc. 54; and Plaintiffs actually filed the Response within 8 minutes of the expiration of the deadlines to do so. In other words, the Defendant will be

in the same position it would have been had the Response been timely filed. The Court should find that the Defendant will not be prejudiced by allowing the Response to be filed out of time. This factor should therefore weigh in favor of Plaintiffs.

**Length of Delay and Impact on Judicial Proceedings**

As noted, the delay in this case was minutes, although the filing of this motion accounted for an additional three (3) days. This delay will not have any impact Plaintiff has not shown that this delay will impact judicial proceedings, and the Court finds that because no scheduling order has been entered, this relatively short delay will have minimal impact on these proceedings. This factor should weigh in favor of Plaintiffs.

**Reason for the Delay**

Plaintiff asserts that the delay in the mishandling of the electronic formatting in the finalization of their Response constitutes excusable neglect. This was not a matter of the undersigned ignoring the deadline. To the contrary, the filing of the untimely Response roughly 8 minutes after the expiration of the deadline indicated counsel was extraordinarily aware of the deadline. See *Law v. Bd. of Trs. of Dodge City Cmty. Coll.*, 08-1212-JTM-DWB, 2008 U.S. Dist. LEXIS 96634, 2008 WL 5120037, at *2 (D. Kan. Nov. 26, 2008) (excusable neglect, barely, when counsel timely dictated discovery responses which were not timely typed because of staffing issues). Accordingly, the Court should find that this factor weighs in favor of the Plaintiff.

**Whether Movant Acted In Good Faith**

The Plaintiffs assert that their actions were all in good faith, that they failed to respond because of a technical error and that although the response is not properly filed, it was filed reasonably contemporaneous with the expiration of the deadline. The Court should find that this factor favors plaintiff.

WHEREFORE in review of these considerations and weighing all of the above

factors, the Plaintiffs respectfully request that the Court find the they have shown excusable neglect. The Court therefore sustains the motion for leave to file the response to Lansing's Motion for Summary Judgment out of time.

*Respectfully submitted,*

SUTTON LAW OFFICE, L.L.C.


/s/Jeffery A. Sutton
Jeffery A. Sutton              #14186
Sutton Law Office, L.L.C.
1106 No. 155th Street
Basehor, Kansas 66007
(913) 724-3003
(913) 724-3005 – Fax
jefferys@jefferysuttonlaw.com
Attorney for Plaintiffs


**Certificate of Mailing**

I hereby certify that on the 18self$^{th}$ day of November, 2014, I served the above and foregoing document to counsel of record, via e-mail, as follows:

Alan L. Rupe and Jessica L. Skladzien
KUTAK ROCK LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Alan.rupe@kutakrock.com
Jessica.skladzien@kutakrock.com
*Attorneys for Defendant John Pretz*

Michael K. Seck
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas 66210
mseck@fisherpatterson.com
*Attorneys for Defendant Lansing School District No. 469*


/s/Jennifer Terkleson
Jennifer Terkleson
*Paralegal*