IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYLER SELF, ROBERT SELF and PAMELA SELF,<br>          Plaintiffs,<br><br>v.<br><br>LANSING UNIFIED SCHOOL DISTRICT NO. 469 and JOHN PRETZ,<br>          Defendants. | Case No. 2:13-cv-02487-KHV-TJJ |

**DEFENDANT PRETZ'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE RESPONSE TO PRETZ' MOTION FOR SUMMARY JUDGMENT OUT OF TIME**

COMES NOW Defendant John Pretz, by and through undersigned counsel of record, and moves this Court for an Order denying Plaintiff's Motion to File Response to Defendant Pretz's Motion for Summary Judgment Out of Time [ECF 75]. In support, Defendant Pretz states as follows:

1. On October 6, 2014, Defendant Pretz filed his Motion for Summary Judgment. *See* [ECF 63].

2. Plaintiffs' response was due on October 27, 2014. *See* D. Kan. R. 6.1(d).

3. This Court granted Plaintiffs two extensions of time, and extended Plaintiffs' response date to November 12, 2014. *See* Orders [ECF 68, 70]. Defendant Pretz did not oppose either of these requests for an extension of time.

4. On November 12, 2014, Plaintiffs did not file a response to Defendant Pretz's Motion for Summary Judgment. Instead, at 12:12 a.m. on November 13, 2014, Plaintiffs filed a third motion for extension of time. *See* [ECF 72]. Plaintiffs requested permission to file their response to Defendant Pretz's Motion for Summary Judgment on November 13, 2014.

2

5. Plaintiffs did not file a response to Defendant Pretz's Motion for Summary Judgment on November 13, 2014.  Nor did they file an additional request for more time.

6. On November 14, 2014, this Court granted Plaintiffs' third motion for extension of time and, *sua sponte*, granted Plaintiffs additional time, up to and including November 14, 2014, to file a response to Defendant Pretz's Motion for Summary Judgment.  *See* Order [ECF 73].

7. Plaintiffs did not file a response to Defendant Pretz's Motion for Summary Judgment on November 14, 2014.  Nor did they file an additional request for more time.

8. On November 17, 2014, at 8:17 p.m., Plaintiff filed a document titled, "Plaintiff's Motion to File Response to Defendant Pretz's Motion for Summary Judgment Out of Time." *See* [ECF 75].  Within that motion, Plaintiffs' requested permission to file their response out of time. *Id.*  Plaintiffs attached a proposed response to Defendant Pretz's Motion for Summary Judgment. *See* [ECF 75-1].

9. Within that motion, Plaintiffs contend that they filed "their Response to Defendant' Pretz's Motion for Summary Judgment" at 12:08 a.m. on November 13, 2014.  *See* [ECF 75], at ¶8.  However, the first time Plaintiffs filed a response to Defendant Pretz's Motion for Summary Judgment was as an attachment to the their November 17, 2014 Motion to File Out of Time.  [ECF 75-1].

10. Plaintiffs waited until after the November 14 deadline had already expired before filing their Motion to File Response Out of Time. Accordingly, D. Kan. R. 6.1(a)(4) applies, which states: "Parties must file the motion before the specified time expires. <u>Absent a showing of excusable neglect</u>, the court will not grant extensions requested after the specified time expires." D. Kan. R. 6.1(a)(4) (emphasis added).

11. Plaintiffs' Motion to File Response Out of Time should be denied for its failure to comply with D. Kan. R. 6.1(a)(4). While Plaintiffs' counsel attempts to explain why the response was not filed on its original due date (November 12), counsel offers no meaningful explanation (much less any basis for finding excusable neglect) for why Plaintiffs failed to comply with the extended deadline (November 14).

12. The factors used to determine whether Plaintiffs can show excusable neglect include: (1) whether Plaintiffs acted in good faith; (2) the reason for the delay, including whether it was within the reasonable control of Plaintiffs; (3) the danger of prejudice to Defendant; and (4) the length of the delay and its potential impact on judicial proceedings. *See Layne Christensen Co. v. Purolite Co.*, No. 09-2381, at 3.

13. Plaintiffs cannot establish they acted in good faith. Plaintiffs offer <u>no</u> justification for why they did not, at a minimum, file an additional request for an extension of time on November 14, 2014. *See generally* [ECF 75].

14. Plaintiffs' Motion to File Response Out of Time merely states that Plaintiffs' counsel had three previously scheduled hearings on November 14, 2014. *See* [ECF 75], at ¶15.

15. Plaintiffs' counsel's workload cannot form the basis for Plaintiffs' Motion to File Response Out of Time. *Ghamrawi v. Case & Assocs. Props. Inc.*, 116 Fed. Appx. 206, 210 (10th Cir. 2004) (no excusable neglect where counsel knew about but disregarded deadline because of workload); *Almond v. Unified Sch. Dist. # 501*, 2008 WL 1773863, at *4 (D. Kan. Apr. 16, 2008) (no excusable neglect where counsel missed deadline because of workload and failed to explain what caused error in calculating response date).

WHEREFORE, Defendant Pretz respectfully requests this Court enter an Order denying Plaintiff's Motion to File Response to Defendant Pretz's Motion for Summary Judgment Out of Time [ECF 75].

Dated this 18th day of November, 2014.

Respectfully submitted,

KUTAK ROCK LLP

**/s/ Alan L. Rupe**
Alan L. Rupe
Alan.Rupe@KutakRock.com
Jessica L. Skladzien
Jessica.Skladzien@KutakRock.com
KUTAK ROCK LLP
1605 North Waterfront Parkway, Suite 150
Wichita, Kansas 67206
(316) 609-7900
(316) 630-8021 (facsimile)
*Attorneys for Defendant John Pretz*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of November, 2014, I electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system and electronically notified counsel of record as follows:

Jeffrey A. Sutton
Sutton Law Office, L.L.C.
1106 North 155th Street
Basehor, Kansas 66007
jefferys@jefferysuttonlaw.com

Deb Snider
Snider Law Office
509 Shawnee
Leavenworth, Kansas 66048
sniderlawoffice@yahoo.com

Michael K. Seck
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas 66210
mseck@fisherpatterson.com

                              **/s/ Alan L. Rupe**
                              Alan L. Rupe