# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYLER SELF, et al., | ) ) ) |
| Plaintiffs, | ) ) ) CIVIL ACTION |
| v. | ) ) No. 13-2487-KHV |
| LANSING UNIFIED SCHOOL DISTRICT No. 469, et al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

On October 6, 2014, John Pretz and Lansing Unified School District No. 469 filed motions for summary judgment. See Docs. #63, 65. Plaintiffs' responses were due October 27, 2014. The Court twice granted plaintiffs' motions for extensions of time to respond, ultimately setting a deadline of November 12, 2014.[1] See Doc. #70. At 12:08 a.m. on November 13, 2014, plaintiffs filed Plaintiff[s'] Response To Defendant Lansing U.S.D. 469's Motion For Summary Judgment (Doc. #71). At 12:12 a.m. on November 13, 2014, plaintiffs filed their Third Motion For Extension Of Time To File Their Responses To Defendant Pretz's Motion For Summary Judgment (Doc. #72). The Court granted plaintiffs until Friday, November 14, 2014 to file a response.

This matter comes before the Court on Plaintiff[s'] Motion To File Response To Defendant Lansing's Motion For Summary Judgment Out Of Time (Doc. #74) and Plaintiff[s'] Motion To File Response To Defendant Pretz's Motion For Summary Judgment Out Of Time (Doc. #75), both filed

---

[1] The Court also extended the reply deadline to December 1, 2014. When the Court then granted plaintiffs' third motion for an extension of time and set the response deadline for November 14, however, the reply deadline was automatically reset for 14 days later, or November 28. Based on this Memorandum And Order, the new reply deadline will be 14 days from November 25 or November 26, 2014, depending on when plaintiffs file the responses as ordered herein.

November 17, 2014. Pretz opposes the motion, pointing out that plaintiffs have already received three extensions.[2] Further, plaintiffs mistakenly assert that they filed a response to Pretz' motion for summary judgment at 12:08 a.m. on November 13, 2014. Plaintiffs actually filed the response to *Lansing's* motion for summary judgment on November 13, 2014 at 12:08 a.m. See Doc. #71. Plaintiffs did not file a proposed response to Pretz' motion for summary judgment until November 17, 2014. See attachment to Motion To File Out Of Time (Doc. #75-1). Even then, plaintiffs' proposed response to Pretz' motion is erroneously titled as Plaintiff[s'] Response To Defendant *Lansing U.S.D. 469's* Motion For Summary Judgment. See id. (emphasis added).

Local Rule 6.1 governs motions for an extension of time to perform an act required or allowed to be done within a specified time. Under this rule, a party must file a motion for extension of time before the specified time expires, and "[a]bsent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires." D. Kan. Rule 6.1(a). Excusable neglect is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993). Inadvertence, ignorance of the rules or mistakes construing the rules, however, do not usually constitute excusable neglect. Id.

The determination whether neglect is excusable is at bottom an equitable one that requires the Court to consider all relevant circumstances, including (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant and (4) whether movant

---

[2] Lansing does not oppose plaintiffs' motion to file their response one day out of time. Ordinarily, the Court grants uncontested motions as unopposed. See Nazar v. Wolpoff & Abramson, LLP, 530 F. Supp.2d 1161, 1165 (D. Kan. 2008) (citing D. Kan. Rule 7.4).

acted in good faith. Id. at 395; Bishop v. Corsentino, 371 F.3d 1203, 1206-07 (10th Cir. 2004). Of these factors, fault in the delay is "a very important factor – perhaps the most important single factor – in determining whether neglect is excusable." Biodiversity Conservation Alliance v. Bureau of Land Mgmt., 438 Fed. Appx. 669, 673 (10th Cir. 2011) (unpublished); United States v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004); City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994).

Here, allowing plaintiffs to file their responses to the motions for summary judgment will not prejudice defendants. Indeed, under Tenth Circuit law, if plaintiffs do not file a response, the Court must search the record to determine if summary judgment is appropriate. The length of delay is slight because plaintiffs filed their response to Lansing's motion only minutes after the deadline and filed their response to Pretz' motion only three days after the deadline. The reasons which plaintiffs offer for delay – electronic formatting problems and the fact that plaintiffs' counsel had three previously scheduled hearings on November 14 – do not support a finding of excusable neglect. See Ghamrawi v. Case & Assocs. Props. Inc., 116 Fed. Appx. 206, 210 (10th Cir. 2004) (unpublished) (no excusable neglect where counsel knew about but disregarded deadline because of workload). Further, plaintiffs' counsel did not promptly file a motion for an extension of time to respond to Pretz' motion, and he offers absolutely no reason why he did not do so. Therefore, plaintiffs cannot show good faith. Nonetheless, to ensure that plaintiffs do not suffer from counsel's mistakes, the Court will sustain plaintiffs' motions to file responses out of time. Plaintiffs' counsel is admonished to carefully attend to deadlines in the future.

**IT IS THEREFORE ORDERED** that Plaintiff[s'] Motion To File Response To Defendant Lansing's Motion For Summary Judgment Out Of Time (Doc. #74) and Plaintiff[s'] Motion To File

<u>Response To Defendant Pretz's Motion For Summary Judgment Out Of Time</u> (Doc. 75) be and hereby are sustained.  **On or before November 26, 2014, plaintiffs shall re-file <u>Plaintiff[s'] Response To Defendant Lansing U.S.D. 469's Motion For Summary Judgment</u> (Doc. #71) and shall file a corrected <u>Plaintiffs' Response To Defendant [Pretz'] Motion For Summary Judgment</u> (Doc. #75-1**).

Dated this 25th day of November, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
