IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYLER SELF, et al., | ) ) ) |
| Plaintiffs, | ) ) ) CIVIL ACTION |
| v. | ) ) No. 13-2487-KHV |
| LANSING UNIFIED SCHOOL DISTRICT No. 469, et al., | ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM AND ORDER**

Tyler Self and his parents, Robert Self and Pamela Self, bring suit against Lansing United School District No. 469 and teacher John Pretz. Plaintiffs assert that the District discriminated against Tyler Self on the basis of sex in violation of Title IX of the Civil Rights Act of 1964, 20 U.S.C. §§ 1681 et seq., and violated his Fourteenth Amendment right to equal protection under 42 U.S.C. § 1983. Plaintiffs also assert state law claims for negligence and intentional infliction of emotional distress against both defendants. This matter comes before the Court on Defendant Pretz's Motion For Summary Judgment (Doc. #63) and Defendant Lansing Unified School District No. 469's Motion For Summary Judgment (Doc. #65) both filed October 6, 2014.

Plaintiffs concede that defendants are entitled to summary judgment on all claims except the state law negligence claims. See Plaintiff[s'] Response To Defendant Lansing U.S.D. 469's Motion For Summary Judgment (Doc. #81) at 8, 15 and Plaintiff[s'] Response To Defendant John Pretz' Motion For Summary Judgment (Doc. #82) at 10, both filed November 26, 2014. The Court therefore finds that defendants are entitled to summary judgment on all claims except plaintiffs' state law negligence

claims.[1]

The District asserts that because plaintiffs have conceded their claims under Title IX and Section 1983, the Court should award the District reasonable attorney's fees under 42 U.S.C. § 1988. Section 1988 allows a prevailing party to recover attorney's fees as part of the costs. The statute does not distinguish between plaintiffs or defendants, and it does not set out the circumstances which entitle a party to recover fees. In interpreting Section 1988, however, courts have drawn a distinction between plaintiffs and defendants. Mitchell v. City of Moore, Okla., 218 F.3d 1190, 1203 (10th Cir. 2000). A prevailing plaintiff may recover attorney's fees "in all but special circumstances," but a prevailing defendant may recover fees only when plaintiff's action is unreasonable, frivolous, meritless or vexatious. Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 417-421(1978); Mitchell, 218 F.3d at 1203. The District does not argue – and the record does not suggest – that plaintiffs brought this action in bad faith, or that the action was unreasonable. The Court therefore declines to award the District attorney's fees under 42 U.S.C. § 1988.

Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). The Court considers the nature and extent of pretrial proceedings, judicial economy, convenience and whether fairness would be served by retaining jurisdiction. Anglemyer v. Hamilton Cnty. Hosp., 58 F.3d 533, 541 (10th Cir. 1995). In the usual case, the balance of factors points toward declining to exercise jurisdiction over the remaining state-law claims. McWilliams v. Jefferson Cnty., 463 F.3d 1113, 1118 (10th Cir. 2006) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7

---

[1] Plaintiffs assert state law claims against the District for negligent supervision of Pretz and negligent supervision of students, as well as for negligent failure to develop a bullying policy. Plaintiffs assert state law claims against Pretz for negligent supervision of students.

(1988)).  Here, the Court finds no compelling reasons to exercise supplemental jurisdiction to decide the merits of plaintiffs' state law claims.  See Thatcher Enters. v. Cache Cnty. Corp., 902 F.2d 1472, 1478 (10th Cir. 1990) (notions of comity and federalism demand that state court try its own lawsuits, absent compelling reasons to contrary); Holloman v. U.S.D. 259, No. 1180-JTM, 2006 WL 1675932, at *6 (D. Kan. June 15, 2006) (awarding summary judgment to defendant on Section 1983 claims and declining to exercise supplemental jurisdiction over state law claims).

    **IT IS THEREFORE ORDERED** that Defendant Pretz's Motion For Summary Judgment (Doc. #63) and Defendant Lansing Unified School District No. 469's Motion For Summary Judgment (Doc. #65), both filed October 6, 2014, be and hereby are **SUSTAINED IN PART.**  Defendants are entitled to summary judgment on plaintiffs' claims under Title IX and Section 1983, and on plaintiffs' state law claims for intentional infliction of emotional distress.

    **IT IS FURTHER ORDERED** that Lansing Unified School District No. 469's request for attorney's fees pursuant to 42 U.S.C. § 1988 be and hereby is **OVERRULED**.

    **IT IS FURTHER ORDERED** that plaintiffs' state law negligence claims be and hereby are **DISMISSED WITHOUT PREJUDICE** .

    Dated this 21st day of January, 2015 at Kansas City, Kansas.

                                          s/Kathryn H. Vratil
                                          Kathryn H. Vratil
                                          United States District Judge